IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SARA LYNN EWIGMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-00165-CV-W-ODS |
| | ) | |
| DANNY TIPTON, and | ) | |
| ZACHARY COUGHLIN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Pending is Defendants' Motion to Dismiss. Doc. #17. For the following reasons, Defendants' motion to dismiss is granted.

**I.    BACKGROUND**

Plaintiff Sara Ewigman, proceeding pro se, initiated the above-captioned matter on March 8, 2017. Doc. #1. In the Complaint, Plaintiff alleges Defendants Danny Tipton and Zachary Coughlin violated the Americans with Disabilities Act ("ADA"). Plaintiff maintains Defendants failed to accommodate her disability, and retaliated against her while she was employed with Hogan Preparatory Academy.

Plaintiff alleges she filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") on November 9, 2016. *Id.* at 4. Plaintiff represents she received a right to sue letter from the EEOC, but did not attach a copy of that letter as directed by the form complaint. *Id.* at 4. Plaintiff alleges she did not file a charge of discrimination against Defendants with the Missouri Commission on Human Rights ("MCHR"), and did not receive a right to sue letter from MCHR. *Id.* However, documents attached to the Complaint establish Plaintiff dually filed her charge of discrimination with the EEOC and the MHCR, and the MCHR (in addition to the EEOC) issued a right to sue letter. Doc. #1-1, at 1-2.

Defendants move to dismiss Plaintiff's claims for two reasons. First, Defendants argue Plaintiff's lawsuit is untimely because it was not filed within 90 days of receipt of

the right to sue letter issued by the EEOC, and therefore, the lawsuit must be dismissed. Defendants attached a copy of the EEOC's right to sue letter to their motion. Doc. #17-1. The EEOC's right to sue letter, which was issued on November 14, 2016, informed Plaintiff that her "lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." *Id.* (emphasis in original). Second, Defendants argue Plaintiff failed to state a claim against Defendants for violations of the ADA because there is no individual liability under the ADA.

Plaintiff failed to timely respond to Defendants' motion to dismiss. The Court directed Plaintiff to show cause why Defendants' motion should not be granted. Doc. #18. Plaintiff responded, asking for additional time to file her response. Doc. #19. Plaintiff's request was granted, and on November 15, 2017, Plaintiff filed her response. Doc. #21. Therein, Plaintiff stated only the following:

> On October 2, 2017[,] the Defendants filed a motion to dismiss Doc. #17. After consideration, I, the Plaintiff have chosen to move forward with the case and disregard the Defendants' Motion for Dismissal. I, the Plaintiff, believe the extra time was a necessity in order to help me procede [sic] in the case Pro Se.

Doc. #21. Defendants filed their reply (Doc. #22), and the motion to dismiss is now ripe for consideration.

## II.    STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### III.    DISCUSSION

### A.  Timeliness of Complaint

Individuals who bring suit under Title VII must file the suit within 90 days after receipt of a right to sue letter. 42 U.S.C. § 2000e-5(f)(1) (2000); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984). "Title I of the ADA, which prohibits employment discrimination on the basis of disability, explicitly incorporates the powers, remedies, and procedures of Title VII, making clear that the procedural requirements of those two provisions must be construed identically." *Dewberry v. Alphapointe Ass'n for the Blind*, No. 05-187, 2005 WL 3479507, at * 1 (W.D. Mo. Dec. 20, 2005) (quoting *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1309 (10th Cir. 2005)). Because the procedural requirements are to be construed exactly the same, cases discussing the 90-day limitation period under Title VII will apply to the ADA.

"Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." *Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir.1989). Courts presume a properly

mailed document is received by the addressee within three days after the date of mailing.  Fed. R. Civ. P. 6(d) (2017); *Baldwin Cty. Welcome Ctr.*, 466 U.S. at 148 n.1; *Davis v. U.S. Bancorp*, 383 F.3d 761, 766 (8th Cir. 2004) (citation omitted) (stating a properly mailed document is presumed to be received by the addressee); *Lucht v. Encompass Corp.*, 491 F. Supp. 2d 856, 862 (S.D. Iowa 2007) (citations omitted); *Rich v. Bob Downes Chrysler Plymouth, Inc.*, 831 F. Supp. 733, 735 (E.D. Mo.1993) (citation omitted).

The right to sue letter from the EEOC was dated November 14, 2016.  Doc. #17-1, at 2.  The right to sue letter contains the same address that Plaintiff provided to this Court.  Docs. #1; #17-1, at 2.  Plaintiff does not set forth any argument (or evidence) to rebut the presumption that she received the right to sue letter from the EEOC, and that she received the letter within three days of the letter being mailed.  Thus, the Court presumes Plaintiff received the right to sue letter from the EEOC on or about November 17, 2016.  Plaintiff, however, did not file her lawsuit within 90 days of receiving the right to sue letter.  She waited until March 8, 2017, to file her lawsuit.  Doc. #1.  For this reason alone, Plaintiff's lawsuit must be dismissed.

Nonetheless, Plaintiff contends she needed "extra time" to help her proceed pro se in this matter.  "A document filed *pro se* is to be liberally construed."  *United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (citations and internal quotations omitted).  The Court will construe Plaintiff's argument as one for equitable tolling.  *See Hill*, 869 F.2d at 1124 (noting the 90-day limitation period is subject to equitable tolling in appropriate circumstances).  Generally, courts have "reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff."  *Id.*  The Supreme Court noted the application of equitable tolling in instances where the plaintiff received inadequate notice, a motion for appointment of counsel was pending, a court led the plaintiff to believe she did everything required of her, or affirmative misconduct on the part of the defendant that lulled the plaintiff into inaction.  *Baldwin Cty. Welcome Ctr.*, 466 U.S. at 151 (citations omitted).  Significantly, the Supreme Court stated:  "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."  *Id.*

Plaintiff has not presented the Court with any recognized basis to equitably toll the limitation period. The EEOC issued its right to sue letter to Plaintiff at the address she also provided to the Court, and informed Plaintiff, in no uncertain terms, that she "must" file her lawsuit within 90 days of receiving the letter, or risk losing her right to sue. Doc. #17-1. Plaintiff failed to file her lawsuit within the required timeframe, and failed to act diligently. Thus, equitably tolling is not warranted. Accordingly, the Court grants Defendants' motion to dismiss, and dismisses Plaintiff's claims.

### B. Individual Liability

Defendants, who are or were employed by Hogan Preparatory Academy, argue Plaintiff's claims should be dismissed because there is no individual liability under the ADA. The Eighth Circuit has not addressed whether individuals may be liable under Title I of the ADA for employment discrimination claims; however, this Court and other district courts within the Eighth Circuit have determined the Eighth Circuit would not impose individual liability under Title I of the ADA. *Mills v. St. Louis Cty. Gov't*, No. 17CV00257, 2017 WL 4778571, at * 2 (E.D. Mo. Oct. 23, 2017) (citations omitted); *Gard v. Dooley*, No. 14-CV-4023, 2017 WL 782279, at * 5 (D. S.D. Feb. 28, 2017) (citations omitted); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (citations omitted) (finding no individual liability under Title II of the ADA, and noting at least three circuits have concluded individuals do not qualify as "employers" under Title I of the ADA). Because Plaintiff sued Defendants in their individual capacity and there is no individual liability under the ADA, the Court must dismiss Plaintiff's claims against Defendants. For this additional reason, Defendants' motion to dismiss is granted.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff's claims are dismissed, and the matter is closed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  December 5, 2017                    UNITED STATES DISTRICT COURT